**CHENG DIAN DONG, Xu Zhu Dong, Petitioners,**

v.

**Alberto GONZALES, Respondent.**

No. 05–1977–ag, 05–1978–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Cheng Dian Dong, Xu Zhu Dong, New York, New York, for Petitioners.

Matthew G. Whitaker, United States Attorney for the District of Iowa, Shannon L. Olson, Assistant United States Attorney, Des Moines, Iowa, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 31st day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cheng Dian Dong, and his son, Xu Zhu Dong, *pro se*, petition for review of the BIA decision affirming, without opinion,

the decision of Immigration Judge ("IJ") Gabriel C. Videla, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA has affirmed the IJ's decision without an opinion, the Court reviews the IJ's decision directly under a "substantial evidence" standard. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158–59 (2d Cir.2004); 8 C.F.R. § 1003.1(e)(4) (setting forth procedures for affirmance without opinion). Where a factual determination rests on a credibility finding, the Court "afford[s] particular deference in applying the substantial evidence standard." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004) (internal quotations omitted). This Court's inquiry is exceedingly narrow and the IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)).

■ The petitioners correctly observe that, in denying their application, the IJ did not acknowledge or provide any basis for rejecting the following documentary evidence: (1) a medical certificate from the Langqi Town Medical Center indicating that Cheng Dian Dong's wife had undergone a bilateral oviducts sterilization at that facility in April 1982; (2) medical records relating to his wife's treatment of ovarian tumors which indicated that she had undergone a tubal ligation more than ten years prior; and (3) photographs of a large scar across the wife's abdomen. Although the IJ's failure to mention these documents does not necessarily warrant the conclusion that the IJ ignored the evidence, *see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 344 (2d Cir.2006) ("There is … no authority supporting petitioner's contention that an IJ errs unless he specifically discusses, evaluates, and accepts or rejects each piece of documentary evidence submitted."), there is some support in the record for the petitioners' contention that the IJ did, in fact, fail to consider the documents. Specifically, the IJ stated that the petitioners had not presented "any documentary evidence that could be given in any way to establish medically that [Cheng Dian Dong's] wife was in fact sterilized." *See* AR at 56. However, if accepted as true, the wife's medical records and the sterilization certificate would certainly tend to support petitioners' claim that she had been sterilized. Accordingly, the IJ erred in failing to acknowledge or provide any basis for rejecting these documents.

■ Additionally, to the extent that the IJ's decision can be read to assert that Cheng Dian Dong's possession of a New Jersey driver's license undermined his credibility with respect to whether his wife had been forcibly sterilized, this was not a proper basis for the IJ's adverse credibility finding because Cheng Dian Dong's possession of the license does not "go to the heart" of his asylum claim. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

In any event, although the petitioners have correctly identified these errors in the IJ's adverse credibility determination, remand would be futile in this case because, as discussed below, the IJ's determination is also supported by non-erroneous findings and we can confidently predict that the IJ would reach the same decision were the petition remanded. We may therefore conclude that the adverse credibility finding is supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006); *cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005) (stat-

ing that the Court will uphold an adverse credibility determination, in spite of errors, if "the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand, or the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand").

■ First, the IJ properly found that Cheng Dian Dong's credibility had been considerably undermined by his admission that he had lied to the asylum officer and because his testimony and initial asylum application were inconsistent with respect to whether his wife had been sterilized or had an IUD inserted and whether he had fought with the family planning cadres. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (noting that, where an IJ's adverse credibility determination is based on specific examples in the record of contradictory evidence, this Court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise). Although the petitioners contend that Cheng Dian Dong's claim, in his first amended statement, that he had "a bitter fight with the cadres" was not inconsistent with his testimony that he had merely had an argument with the cadres, Cheng Dian Dong's testimony was inconsistent with his claim in his initial asylum application that he had been beaten by the cadres. Moreover, although Cheng Dian Dong's explanation for the discrepancies was such that a reasonable IJ could arguably have accepted it and credited his testimony, it was not sufficiently persuasive to compel *any* reasonable IJ to do so. *See* 8 U.S.C. § 1252(b)(4)(B) (requiring acceptance of IJ's factual findings on appeal "unless any reasonable adjudicator would be compelled to conclude to the contrary").

Second, the IJ's finding regarding Cheng Dian Dong's demeanor has a supportable basis in the record and, given the level of deference accorded to the IJ's assessment of Cheng Dian Dong's testimony, is, when considered in combination with the IJ's remaining findings, sufficient to sustain the adverse credibility determination.

Finally, with respect to Cheng Dian Dong's testimony that he and his wife had come out of hiding and returned to their home when his wife was eight months pregnant to avoid bringing "bad luck" on their relatives, the IJ's conclusion that Cheng Dian Dong's testimony was implausible was not impermissibly speculative. Indeed, a review of the record indicates that the IJ conducted a reasoned evaluation of Cheng Dian Dong's explanation and justifiably found this portion of Cheng Dian Dong's testimony to be implausible. Specifically, the IJ noted that Cheng Dian Dong and his wife had been in hiding for three years to avoid insertion of an IUD and further reasoned that it defied common sense that Cheng Dian Dong and his wife would return home at a stage of the pregnancy that bore a high risk of being detected, particularly since they were aware that they would likely face sterilization or abortion of the fetus as a result. Thus, it was entirely reasonable for the IJ to have found this portion of Cheng Dian Dong's testimony implausible and to have relied on it, along with Cheng Dian Dong's demeanor and the inconsistencies in his testimony, in making the ultimate finding that Cheng Dian Dong was not a credible witness. *See Cao He Lin*, 428 F.3d at 403 (finding that, absent a reasoned evaluation of a petitioner's explanations, an IJ's conclusion that the petitioner's story is implausible is based on flawed reasoning and, therefore, cannot constitute substantial evidence supporting the IJ's conclusion). Accordingly, the IJ's adverse credibility finding is supported by substantial evidence and the petitioners did not demonstrate their eligibility for asylum.

Finally, as the petitioners have not raised any challenges to the IJ's denial of withholding of removal or CAT relief, those claims are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (providing that, where an applicant does not sufficiently address the agency's denial of a basis for relief in his or her petition for review, the claim is deemed to be waived).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).